IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| | : | NOS. 07-0491; 06-1481 |
| v. | : | |
| | : | |
| ALL TEST AND INSPECTION, INC. | : | |

O'NEILL, J.                                                                                          JUNE 14, 2007

## **MEMORANDUM**

Plaintiff Global Ground Support, LLC filed a complaint against defendant All Test and Inspection, Inc. alleging that All Test failed to adequately inspect deicing equipment manufactured by Elliot Equipment Co., which Global subsequently installed at Philadelphia International Airport (Civil Action 07-0491).[1]  Before me now are All Test's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (2007), Global's response, and All Test's reply thereto.

BACKGROUND

Global, a North Carolina corporation with its principal place of business in Kansas, designs, manufactures and sells airline and airport ground support equipment and components. All Test, a Minnesota corporation with its principal place of business in Minnesota, conducts testing and inspections of mechanical products such as cranes and heavy equipment.

Global's complaint against All Test arises from injuries sustained by a US Airways

---

[1] In Civil Action 06-1481 Global, a defendant, filed a third party complaint against All Test seeking indemnity for any liability Global might be subject to for injuries suffered by a US Airways employee while using the equipment.  All Test has moved to dismiss both complaints. The memorandum will treat the two cases and motions as one.

1

employee on or about February 28, 2005, when the deicing equipment collapsed at Philadelphia International Airport.  Global asserts that approximately four years prior, on or about January 23, 2001, Elliot Equipment Co. and Global entered into contracts with the City of Philadelphia to manufacture and install deicing equipment at the airport.  Global alleges that in addition to meeting specifications provided by the City Elliot's contract required it to test the equipment it manufactured to ensure the equipment would meet the necessary standards for structural integrity.  To that end, Elliot contracted with All Test to conduct the appropriate testing, which Global claims All Test negligently performed.  Global therefore contends that All Test is responsible for the resulting injuries to the US Airways employee and is also liable to Global for the inspections Global had to conduct to re-certify the equipment after the incident.

All Test moves to dismiss the case for lack of personal jurisdiction over it.  Specifically, All Test asserts that it is not incorporated in Pennsylvania, is not registered to do business here, does not conduct business in Pennsylvania, and does not advertise or otherwise employ salesmen here.  All Test also alleges that it does not maintain bank accounts in or pay taxes to Pennsylvania.  Consequently, All Test argues that it does not have any connection to Pennsylvania such that the cause of action may properly be heard in this forum.

Global asserts two reasons for denying All Test's motion.  First, Global asserts that All Test's motion is untimely because it was not filed within the twenty day period required by Federal Rule of Civil Procedure 12(a).  Second, Global contends that All Test is subject to personal jurisdiction. Global argues that All Test is subject to specific personal jurisdiction because All Test knew and expected that any harm which might result from the alleged negligent work would be realized in Pennsylvania.  Global also alleges that All Test is subject to general personal jurisdiction because of the nature of its activities as a worldwide business and past work

in Pennsylvania. Alternatively, Global requests the opportunity to conduct additional jurisdictional discovery in the event that its pleadings have not adequately demonstrated that I may exercise personal jurisdiction over All Test.

### DISCUSSION

I.  Timeliness of All Test's Motion

Global asserts that All Test's motion is untimely and is therefore waived pursuant to Rule 12(a). Global relies on earlier cases decided by this Court which held that a defendant waives its right to object to venue by failing to file a motion within the twenty day period required by Rule 12(a). See Granger v. Kemm, Inc., 250 F. Supp. 644, 645-46 (E.D. Pa. 1966).

Global's argument lacks merit, however. District courts within the Third Circuit have since moved towards the position that a defendant's motion will not be waived for tardiness where a plaintiff has not moved for default. See Breland v. ATC Vancom, Inc., No. Civ. A. 02-4401, 2002 U.S. Dist. LEXIS 23578, at *5-6 (E.D. Pa. Dec. 4, 2002), quoting Gordon v. Strictland, No. Civ. A. 93-3875, 1993 WL 386765, at *2 n.3 (E.D. Pa. Sept. 24, 1993) ("[U]nless a plaintiff has made a motion for default, a defendant's motion to dismiss for improper venue after the 20 day period is timely if the defendant has not yet responded.").

Alternatively, I will exercise my discretion and permit All Test's motion to be filed nunc pro tunc.[2]

---

[2] For as long as I can remember, it has been a customary courtesy at the Philadelphia Bar to grant one's opponent a thirty day extension in which to respond, whether by answer or motion, to a complaint. Global's counsel asserts that he granted an extension only for an answer but not for a motion. When I was a young lawyer, older, wiser mentors instructed me that such a limited extension was unprofessional and I continue to be of that view.

II.	Personal Jurisdiction

Upon a consideration of the motion papers, it is my present view that I may not assert personal jurisdiction over All Test.  At this time I will not rule upon the motion to dismiss. It will remain pending to permit Global to conduct additional jurisdictional discovery.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| | : | NOS. 07-0491; 06-1481 |
| v. | : | |
| | : | |
| ALL TEST AND INSPECTION, INC. | : | |

ORDER

AND NOW, this 14th day of June 2007, it is ORDERED that a ruling on All Test's motions to dismiss for lack of personal jurisdiction is deferred pending Global's discovery with respect to personal jurisdiction. Said discovery is limited to that issue and shall be completed within 30 days from date. Global's supplemental brief shall be filed within 10 days of the completion of discovery; All Test may respond within 10 days thereafter.

        s/Thomas N. O'Neill, Jr.
        THOMAS N. O'NEILL, JR, J.